KATHRYN KENEALLY
Assistant Attorney General

ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-6422
Facsimile: (202) 307-0054
Email: Adam.R.Smart@usdoj.gov
       Western.Taxcivil@usdoj.gov
Attorney for the United States of America

DANIEL G. BOGDEN
United States Attorney
District of Nevada
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 3:12-cv-59-PMP-WGC |
| Plaintiff, | |
| v. | JOINT MOTION FOR STAY OF PROCEEDINGS |
| DAVID MARTINI, individually; MARGARET MARTINI, individually; DAVID and MARGARET MARTINI as trustees of the MANZANITA FAMILY TRUST; MARGARET MARTINI as trustee of the MARJANE FAMILY TRUST; INCLINE MEADOWS LLC; and WASHOE COUNTY | |
| Defendants. | |

COMES NOW, the United States of America, David Martini, individually; Margaret Martini, individually; David and Margaret Martini as Trustees of the Manzanita Family Trust; Margaret Martini as Trustee of the Marjane Family Trust; and Incline Meadows LLC, who hereby jointly move the court for stay of the current case in order to allow the parties sufficient time to see if a resolution of the issues

in the instant case is possible. The parties make this request in good faith, and not for the purposes of delay. As explained below, a stay of this action will significantly reduce use of the Court's resources.

The parties have now completed discovery under the schedule set by the Court following the Martinis' previously requested extension of the discovery deadlines from January 7, 2013 to February 15, 2013, which was not opposed by the United States. (Dkt. 24, Dkt. 25). That discovery included the production of approximately twenty bankers boxes of documents by the Martinis, including numerous envelopes of receipts, cancelled checks, bank records, and other responsive documents, which had not been previously produced to the United States (or the IRS during the audit process), and therefore had not been (nor could they have been) taken into account by the IRS in the course of its examination of the tax years at issue in this case.

The United States conducted depositions of the Martinis following this production to determine the scope of these documents and what impact they could have on the determination of the Martinis' tax liabilities. Based on these depositions it appears they could have substantial impact on certain of the tax years at issue. During the course of these depositions the Martinis expressed a willingness to prepare Form 1040 returns for each of the years at issue in this case using the information they produced, as well as the other information they received from the IRS. Because the Martinis had previously not prepared Form 1040 returns for any of the years at issue in this case, the IRS had previously determined the Martinis tax liabilities based on information the IRS obtained from entities reporting payments to the Martinis as well as other business and financial records the IRS could obtain. The records produced by the Martinis (many of which had previously been requested by, but not produced to the IRS), go directly to the income items previously determined by the IRS. The Martinis have located an accountant and an agent to assist them in taking the information and preparing returns to submit to the United States for each of the years at issue in this case. Preparation of these returns will allow for a more orderly resolution of this case as it will allow the parties to significantly narrow the areas of dispute (if any once the returns are prepared), and will greatly facilitate a discussion of what amounts are actually in dispute and by how much.

The United States anticipates that the end result of this process would be (1) a stipulation of the amounts the parties agree on; and then either (2a) dispositive motions covering the remaining disputed

1  amounts, if any, or (2b) if such matters are not suitable for summary judgment, a trial only on these
2  remaining disputed amounts. The Martinis have also expressed a strong desire to include the foreclosure
3  counts (i.e. the nominee/alter ego determinations) for potential resolution in any discussions with the
4  United States following preparation of the Form 1040s. The United States is in favor of such a
5  suggestion. Thus, in the interest of efficiency of the Court's resources, the parties respectfully request a
6  stay of the entire action to allow the parties to conduct the necessary work to prepare the Form 1040s and
7  then to review the submitted returns.

8  The Martinis have been informed by the parties assisting them that the process of completing the
9  Form 1040s for the years at issue in this case will take approximately ninety (90) days. The United
10 States will need approximately sixty (60) days to review the returns and to try and reach agreement with
11 the Martinis concerning the tax liabilities set forth in those returns.

12 WHEREFORE, the parties respectfully request a stay of this action for one-hundred and fifty
13 (150) days, to and until Monday, August 12, 2013 (because August 10, 2013 falls on a Saturday),
14 vacating the current schedule. The parties will file a status report on Monday, June 17, 2013, to update
15 the Court on the progress of the process outlined above, and request a status conference to be held on or
16 about August 12, 2013.

17 Respectfully submitted this _13_ day of March 13, 2013.

KATHRYN KENEALLY
Assistant Attorney General

/s/ Adam R. Smart

ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683

Attorney for the United States of America

Of counsel:

DANIEL G. BOGDEN
United States Attorney

/s/ David Martini

DAVID MARTINI
PO Box 5930
Incline Village, NV 89450

*[signature]*
INCLINE MEADOWS LLC
PO Box 5930
Incline Village, NV 89450

*[signature]*
MARGARET MARTINI
PO Box 5930
Incline Village, NV 89450
*Pro Se*

*[signature]*
MARIANE FAMILY TRUST
PO Box 5930
Incline Village, NV 89450

*[signature]* , TRUSTEE
MANZANITA FAMILY TRUST
PO Box 5930
Incline Village, NV 89450

IT IS SO ORDERED.

*[signature]*
_____
PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2013.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

HERBERT B. KAPLAN
Deputy District Attorney
P. O. Box 30083
Reno, NV 89520-3083
*Attorney for Washoe County*

and that service was made on this date by causing a copy of the foregoing to be sent via postage paid United States first class mail to the following:

Margaret Martini, Trustee
Marjane Family Trust
PO Box 5930
Incline Village, NV 89450

David Martini, Trustee
Manzanita Family Trust
PO Box 5930
Incline Village, NV 89450

Margaret Martini, Member
Incline Meadows LLC
PO Box 5930
Incline Village, NV 89450

Margaret Martini, Individually
PO Box 5930
Incline Village, NV 89450
*Pro Se*

David Martini, Individually
PO Box 5930
Incline Village, NV 89450
*Pro Se*

/s/ ADAM R. SMART
ADAM R. SMART
Trial Attorney, Tax Division